IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **J.G., a Minor, by and through her next friend, Nancy Gusman,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | Case No.: PWG-16-1008 |
| | * |
| **PRINCE GEORGE'S COUNTY BOARD OF EDUCATION,** *et al.*, | |
| | * |
| **Defendants.** | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Partial Motions to Dismiss and Partial Motion for Summary Judgment filed by Defendants Prince George's County Board of Education ("the Board") and Jacqueline Marshall-Hall.  ECF Nos. 55 and 56.  The Motions are fully briefed, Board's Mem., ECF No. 55-1; Marshall-Hall's Mem., ECF No. 56-1; Pl.'s Opp'n Board's Mot., ECF No. 57-1; Pl.'s Opp'n Marshall-Hall's Mot., ECF No. 58-1; Defs.' Reply, ECF No. 59, and no hearing is necessary, *see* Loc. R. 105.6 (D. Md.).  Because the Board has sovereign immunity for claims above $100,000, I will dismiss the portion of Plaintiff's state-tort claims that exceed that amount.  I will grant Defendants' motions to dismiss the 42 U.S.C. § 1983 claims against the Board and Marshall-Hall in her official capacity, as they are not considered 'persons' under the statute.  Further, because Plaintiff has failed to show deliberate indifference under 20 U.S.C. §§ 1681–88 ("Title IX"), I will grant the Board's partial motion for summary judgment and I will also enter summary judgment in Marshall-Hall's favor on the Title IX claim against her in her

official capacity. I will dismiss Plaintiff's Title IX claim against Marshall-Hall in her individual capacity, as a Title IX claim may not be brought against her in this capacity. Finally, the motion to dismiss Plaintiff's demand for attorney's fees pursuant to her state law claims is granted. Plaintiff's state-tort claims up to $100,000, and the 42 U.S.C. § 1983 claim against Marshall-Hall in her individual capacity remain.

I. BACKGROUND[1]

On November 4, 2011, James Jamar Howard "was hired by Prince George's County Public Schools ("PGCPS") as a substitute group activity assistant for the 2011-2012 academic school year" at Glenn Dale Elementary. Second Am. Compl. ¶ 27. In that position, Howard was responsible for administering lessons to Plaintiff's first grade class. *Id.* ¶ 28. During the 2011–12 school year, "Howard sexually assaulted Plaintiff in the school library." *Id.* ¶ 29. This incident was never observed, however, by any third party or reported to school officials. Therefore, on August 13, 2012, PGCPS rehired Howard for the 2012-13 school year as a special education paraprofessional for Plaintiff's second grade class.

On April 17, 2013, during lunch in the school cafeteria, a teacher observed Howard sexually assault Plaintiff. The teacher immediately reported the incident to Jacqueline Marshall-Hall, Glenn Dale Elementary's principal at that time. Plaintiff alleges that Marshall-Hall "failed to take immediate action to protect the minor child and did not report the incident of sexual assault to Plaintiff's parents." *Id.* ¶ 35. Consequently, Plaintiff returned to school the next day before the school took any action towards Howard, *see id.* ¶ 36, but no further contact between Plaintiff and Howard is alleged.

---

[1] These are the facts as alleged in the Second Amended Complaint. *See* Second Am. Compl., ECF No. 52.

After an investigation, Howard admitted that he had "sexually molested Plaintiff on ten to fifteen different occasions, all of which occurred on school grounds, over the course of the 2011-2012 and 2012-2013 school years." *Id.* ¶ 37. In addition, the investigation revealed that "Howard was [formerly] charged with two counts of second-degree assault and two counts of fourth degree sex offense" in August 2002. *Id.* ¶ 38.

On that basis, Plaintiff brought this action against the Prince George's County Board of Education and Marshall-Hall in her official and unofficial capacities for negligent hiring (Counts 1 and 4); negligent retention (Counts 2 and 5); negligent supervision (Counts 3 and 6); a 42 U.S.C. § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution (Count 7); and violation of Title IX, 20 U.S.C. §§ 1681–88 (Count 8).

## II.   STANDARD OF REVIEW

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). The rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"

3

*Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Summary Judgment

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, No. 12-1722, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986).

## III. DISCUSSION

### A. State-Tort Claims

Defendants seek partial dismissal of Plaintiff's claims for negligent hiring, negligent retention, and negligent supervision to the extent that they seek damages exceeding $100,000. Board's Mem. 8; Marshall-Hall's Mem. 2.

Section 5-518(b) and (c) of the Courts and Judicial Proceedings Article of the Maryland Code provides that:

> (b) A county board of education, described under Title 4, Subtitle 1 of the Education Article, may raise the defense of sovereign immunity to any

>amount claimed above the limit of its insurance policy or, if self-insured or a member of a pool described under § 4-105(c)(1)(ii) of the Education Article, above $100,000[2]
>
>(c) A county board of education may not raise the defense of sovereign immunity to any claim of $100,000 or less

Accordingly, the Maryland Court of Appeals has held that "by its plain language, § 5–518(c) . . . waives the defense of sovereign immunity 'to any claim of $100,000 or less.'" *Bd. of Educ. of Baltimore Cty. v. Zimmer-Rubert*, 973 A.2d 233, 242 (Md. 2009). This waiver applies to the Board. *Id.* at 243 (holding "§ 5–518(c) is an express waiver of *all* governmental immunity; if the [Maryland] General Assembly intended to preserve the State's Eleventh Amendment protection, that body knew how to do so"). The waiver does not apply, however, to "any amount claimed above the limit of [the Board's] insurance policy or . . . above $100,000." Md. Code Ann., Cts. & Jud. Proc. § 5-518(b).

Here, Plaintiff does not specify the amount of damages she seeks. She argues, however, that under § 4-105(b) of Maryland's Education Article, a Board of Education "shall establish… minimum liability coverage of not less than $100,000 for each *occurrence*." Md. Code Ann., Educ. § 4-105 (emphasis added).[3] Pl.'s Opp'n Board's Mot. 6. Accordingly, Plaintiff asserts that her claims for negligent hiring, negligent retention, and negligent supervision each establish separate occurrences of negligence that "either individually or cumulatively total $100,000." *Id.* at 7. By contrast, Defendants argue that regardless of the number of claims asserted by Plaintiff, the Board may assert sovereign immunity for any amount above $100,000. Defs.' Reply 3.

---

[2] Section 5-518(b) and (c) were amended in October 2016 to now include any claim of $400,000 or less.

[3] § 4-105(b) of Maryland's Education Article was amended in October 2016 to include liability coverage of not less than $400,000 for each occurrence.

In support of their position, Defendants cite to *Board of County Commissioners of St. Mary's County v. Marcus, LLC*, 4 A.3d 946 (Md. 2010), where the Court of Appeals addressed whether multiple tort counts constitute the "same occurrence under the Maryland Local Government Tort Claims Act (LGTCA)." *Id.* at 947.  Though that case did not involve the Maryland Education Article, as does the matter before me now, the Court's analysis on limitation of liability is persuasive here.  In the *Marcus* case, the plaintiff brought multiple tort claims against the county, alleging that "sub-surface methane gas and other volatile organic compounds migrated from the [county] landfill to [plaintiff's] adjacent property." *Id.*  There, the plaintiff argued that each day the property was contaminated constituted an individual claim that did not arise from the same occurrence.  As the Defendants point out, however, the Court rejected that argument, holding that "all of the causes of action in which [Plaintiff] has asserted a claim for money damages constitute an 'individual claim' that arises out of the 'same occurrence.'" *Id.*  Further, the Court noted that even if the county was "negligent in (1) several different ways, and (2) for an extended period of time," the claims would still arise out of the same occurrence, capping the county's liability.  *Id.*

Here, Plaintiff argues that each claim of negligence asserted in the Complaint constitutes "a separate occurrence that gave rise to opportunities for [the] minor child to be sexually assaulted and thus harmed by the [Defendant]." Pl.'s Opp'n Board's Mot. 7.  Plaintiff, however, has offered no authority in support of this argument.  Although possible that the Board may have been negligent in several ways, I am persuaded by *Marcus* that Plaintiff's claims still arise out of the same occurrence and facts.  Plaintiff attempts to hold the Board liable for each alleged negligent incident, similar to the Plaintiff in *Marcus* alleging different claims for each day his property was contaminated.  The Court of Appeals explicitly rejected this type of aggregation of

claims, and limited the county's liability under the statute because the incidents, though occurring over an extended period of time, arose out of the same occurrence. Furthermore, the Court of Appeals explained that "it is clear that the limitation on liability provision was enacted 'for the purpose of limiting the civil liability of [the] local government.'" *Marcus*, 4 A.3d at 952 (quoting S. Judicial Proceedings Comm., Summary of Com. Rep., S.B. 237, pg. 3 (Md.1987)). I find this analysis to be persuasive in addressing § 4-105(b) of Maryland's Education Article. Accordingly, I will grant Defendants' partial motion to dismiss for Plaintiff's claims of negligent hiring, negligent retention, and negligent supervision to the extent that they seek aggregate damages exceeding $100,000.

### B. Section 1983 Claims

Defendants also seek dismissal of Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims against the Board and Marshall-Hall in her official capacity. *See* Board's Mem. 9–10; Marshall-Hall's Mem. 3. Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Therefore, in order to state a claim under § 1983, Plaintiff must first establish that the Defendants are "persons" within the meaning of the statute. It is well established, however, that "county school boards in Maryland are considered state agencies and that, as state agencies, school boards are not considered 'persons' under § 1983." *Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 852 (D. Md. 2015); *see also Mayo v. Bd. of Educ. of Prince George's Cty.*, 797 F. Supp. 2d 685, 689 (D. Md. 2011); *Zimmer-Rubert v. Bd. of Educ. of Baltimore Cty.*, 947 A.2d 135, 141 (Md. 2008) ("The [Maryland] Court of Appeals undoubtedly considers county school boards instrumentalities of the State rather than independent, local bodies."). Similarly, since

county school boards are State agencies, school officials acting in their official capacities, also are not "persons" under Section 1983. *See Schiffbauer*, 95 F. Supp. 3d at 852. Accordingly, Marshall-Hall, in her official capacity, is not amenable to suit under § 1983.

Undeterred, Plaintiff erroneously argues that following the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978), municipalities and other local government units, including school boards, are persons under § 1983. *See* Pl.'s Opp'n Board's Mot. 7–8. But Plaintiff's argument fails, as Maryland's county school boards are not local government units; rather they are instrumentalities of the State. *See Zimmer-Rubert,* 947 A.2d at 141. And as Defendants correctly point out and the Supreme Court has stated, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's § 1983 claims against the Board and Marshall-Hall in her official capacity are dismissed with prejudice.[4]

## C. Title IX Claims

The Board seeks partial summary judgment for Plaintiff's Title IX claim, and Marshall-Hall has moved to dismiss the same claim. Title IX provides that "[n]o person in the United States shall, on the basis of sex . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court stated in, *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998), that:

> a damages remedy will not lie unless [1] an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf [2] has actual knowledge of discrimination and [3] fails adequately to respond. Moreover, the response must amount to deliberate indifference to discrimination.

### 1. Board's Motion

---

[4] Plaintiff's Section 1983 claim against Marshall-Hall in her individual capacity remains.

In this case, Plaintiff has failed to show that the Board responded with deliberate indifference upon obtaining actual knowledge of the sexual assault. Here, Plaintiff alleges that "Howard was permitted to remain on the school premises after it was reported to Defendant Marshall-Hall that he had sexually assaulted Plaintiff." Second Am. Compl. ¶ 33. She also argues that Marshall-Hall "failed to take immediate action to protect the minor child and did not report the incident of sexual assault to Plaintiff's parents" until the following day. *Id.* at 35.

But the Board argues that upon receiving the report of sexual abuse, Marshall-Hall instructed the reporting teacher, Melissa Constantine, to "complete a Child Abuse and Neglect Reporting Form and fax a copy to the Prince George's County Department of Social Services' Child Protective Services." Marshall-Hall Aff. ¶ 3, Board's Mem. Ex. 1, ECF No. 55-2. She also instructed Constantine to write a statement describing the sexual assault she observed. *Id.*; *see also* Email from Melissa Constantine to Jacqueline Marshall-Hall (Apr. 17, 2013, 2:49 P.M.), Marshall Hall Aff. Ex. 1-B. Marshall-Hall then interviewed the Plaintiff, who eventually admitted to being sexually assaulted. Marshall-Hall Aff. ¶ 4. She informed her supervisor, Kathleen Brady, about the incident, and met with Howard and advised him that "he was not to return to Glenn Dale, and that Ms. Brady would follow up with him by telephone." *Id.* ¶¶ 6–7.

Based on the facts before me, it is undisputed that the Board did not act with deliberate indifference when responding to the sexual assault committed by Howard. The Supreme Court has articulated that "only where the [school's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances," will deliberate indifference be found. *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999). Here, Defendants responded immediately when notified of the sexual assault against Plaintiff. All of the proper channels were advised of the incident, and Howard was asked to leave the school

following the investigation by Marshall-Hall. That Plaintiff is dissatisfied that the victim's parents were not notified until the next day, Pl.'s Opp'n 10, does not amount to deliberate indifference. Plaintiff does not allege in her complaint or any other filing that failure to notify a victim's parent is a violation of the Board's procedures, nor has she cited any authority that a school official's one day delay in notifying the parents of a victimized student about an assault, alone constitutes deliberate indifference — especially when, as in this case, the school officials promptly took other responsible steps to address the assault. Moreover, as Defendants point out in their Reply, the Fourth Circuit has stated that even "the failure to follow sexual harassment grievance procedures does not prove deliberate indifference under Title IX." *Doe v. Bd. of Educ. of Prince George's Cty.*, 982 F. Supp. 2d 641, 657 (D. Md. 2013), *aff'd*, 605 F. App'x 159 (4th Cir. 2015). Accordingly, the Board's Partial Motion for Summary Judgment will be granted.

### 2. Marshall-Hall's Motion

Marshall-Hall moves to dismiss the Title IX claims against her, arguing that "only federally-funded institutions can be held liable for violating Title IX," and that she, as the school's principal, is not a recipient of federal funds. Marshall-Hall's Mem. 4. While a Title IX claim may not be brought against Marshall-Hall in her individual capacity, a claim can be brought against Marshall-Hall in her official capacity. *See Pavlovic v. Univ. of Maryland Baltimore Cty.*, No. MJG-13-983, 2013 WL 4775530, at *4 (D. Md. Sept. 4, 2013) (dismissing Title IX claim against school director in his individual capacity).

Accordingly, accepting as true Plaintiff's well-pleaded allegations, and construing the complaint in the light most favorable to her, I find that Plaintiff has met her burden to survive the motion to dismiss the Title IX claim against Marshall-Hall in her official capacity; however Plaintiff's response to the Board's Partial Motion for Summary Judgment clearly demonstrates

that a Title IX claim against Marshall-Hall in her official capacity would not survive a motion for summary judgment. "District courts have an inherent power to grant summary judgment *sua sponte* so long as the party against whom summary judgment is entered has notice 'sufficient to provide [it] with an adequate opportunity to demonstrate a genuine issue of material fact.'" *Allstate Ins. Co. v. Fritz*, 452 F.3d 316, 323 (4th Cir. 2006) (quoting *U.S. Development Corp. v. Peoples Fed. Sav. & Loan Ass'n,* 873 F.2d 731, 735 (4th Cir.1989)); *see also* Fed. R. Civ. P. 56(f).

Although Marshall-Hall did not join the Board's Partial Motion for Summary Judgment as to the Title IX claim, pursuant to my authority under Fed. R. Civ. P. 56(f), I will grant partial summary judgment *sua sponte*, as to the official-capacity claim. In this case, Plaintiff was put on notice by the Board's motion for summary judgment on the Title IX claim, and has failed to produce evidence that Marshall-Hall acted with deliberate indifference in responding to the Board's motion. Having already had the opportunity to address this issue as to the Board's motion, providing Plaintiff with notice and another opportunity to respond to the same issue as to Marshall-Hall's official capacity Title IX liability (which turns on the identical law and facts as to the Board's liability under Title IX) would exalt form over substance. *See Johnson v. Montminy*, 285 F. Supp. 2d 673, 674 (D. Md. 2003), *aff'd*, 95 F. App'x 18 (4th Cir. 2004) (affirming summary judgment *sua sponte* where non-moving Defendant "stands in the same legal position as other defendants and… is entitled to summary judgment"); *Allstate Ins. Co. v. Fritz*, 452 F.3d 316, 323 (4th Cir. 2006) (granting summary judgment *sua sponte* in favor of all defendants where Plaintiff already had notice and opportunity to demonstrate a genuine issue of material fact, based on another co-defendant's motion for summary judgment").

Therefore, I will deny Marshall-Hall's Motion to Dismiss the Title IX claim against her in her official capacity, and grant the Motion to Dismiss the Title IX claim in her individual capacity, but I will also enter summary judgment in Marshall-Hall's favor on the surviving official-capacity claim.

### D.  Attorney's Fees

Defendants seek dismissal of Plaintiff's "claim for attorney's fees with regard to her state-law tort claims . . . because Plaintiff may not recover attorney's fees for such claims as a matter of law."  Board's Mem. 10 (joined by Marshall-Hall).  Defendants correctly argue that under the "American Rule" applied in Maryland, attorney's fees are not recoverable by a prevailing party.  *Id* at 11; *see also Hess Const. Co. v. Bd. of Educ. of Prince George's Cty.*, 669 A.2d 1352, 1354 (Md. 1996).  In her Opposition Plaintiff clarifies that her demand for attorney's fees "is being brought under [her] Section 1983 [claim]," for which reasonable attorney's fees are available at the court's discretion pursuant to 42 U.S.C § 1988. Pl.'s Opp. Board's Mot. 8–9.  Thus, I will grant Defendants' Motions to Dismiss Plaintiff's demand for attorney's fees pursuant to her state-law claims; however, attorney's fees may still be available to Plaintiff pursuant to her remaining § 1983 claim.

### IV.   CONCLUSION

For the forgoing reasons, the Partial Motions to Dismiss are GRANTED IN PART and DENIED IN PART, and the Partial Motion for Summary Judgment is GRANTED.  Pursuant to Fed. R. Civ. P. 56(f), summary judgment is ENTERED in Marshall-Hall's favor on Plaintiff's Title IX claim against her in her official capacity.  The following claims survive:

1. Plaintiff's state-tort claims for negligent hiring, negligent retention, and negligent supervision up to $100,000; and

    2. Plaintiff's 42 U.S.C. § 1983 claim against Marshall-Hall in her individual capacity.

A separate Order will follow.

Dated: March 8, 2017                                        _____/S/_____
                                                                               Paul W. Grimm
                                                                               United States District Judge